■ In the Matter of the Claim of ROSE L. PALADINO, Appellant. COMMISSIONER OF LABOR, Respondent. [34 NYS3d 270]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 2015, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

By decision mailed October 7, 2014, an Administrative Law Judge (hereinafter ALJ) affirmed an initial decision of the Department of Labor disqualifying claimant from receiving unemployment insurance benefits because she was not totally unemployed and assessing her a recoverable overpayment of benefits and a forfeiture penalty. Claimant did not appeal this decision to the Unemployment Insurance Appeal Board until January 8, 2015. The Board dismissed the appeal as untimely as claimant did not set forth a reasonable excuse for the delay. Claimant now appeals.

We affirm. "Labor Law § 621 (1) requires that an appeal from a decision of an [ALJ] be taken within 20 days of the date the

decision is mailed or personally delivered, and this time requirement is strictly construed" (*Matter of Matteo [Commissioner of Labor]*, 134 AD3d 1307, 1307 [2015] [citation omitted]; *see Matter of Stephens [Commissioner of Labor]*, 119 AD3d 1258, 1259 [2014]). Here, claimant did not appeal the ALJ's decision until after the statutory time period. Moreover, claimant did not show good cause for noncompliance, as the only excuse for the delay proffered by her in her appeal to the Board was that she "did not believe that [she] had any chance of success." As such, the Board's decision will not be disturbed (*see Matter of Matteo [Commissioner of Labor]*, 134 AD3d at 1307; *Matter of Area Emporium LLC [Commissioner of Labor]*, 115 AD3d 1096, 1097 [2014]). As a result, the underlying merits of the denial of her application for unemployment insurance benefits are not properly before us (*see Matter of Padilla [Commissioner of Labor]*, 136 AD3d 1080, 1081 [2016]; *Matter of Green [Commissioner of Labor]*, 87 AD3d 1222, 1222 [2011]). Although claimant subsequently proffered other reasons for her failure to timely appeal, she made no application to the Board to reopen its decision. Accordingly, inasmuch as those issues were not before the Board when it reached its decision, they will not be considered on this appeal (*see Matter of Benitez [Hartnett]*, 165 AD2d 924, 925 [1990]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.